Per Curiam.
The bill states that the defendant proposed to sell to the complainant a tract of land called the Cedar Hall tract, *570 and stated that said tract, although generally estimated at 100 acres, actually contained 137 acres; and in order to give him some idea of locality thereof, showed him certain boundaries on a paper in writing, and actually went on the land and pointed out places which he affirmed to be the true corners; and that these statements being false and fraudulent, he was misled by them, and induced to enter into a contract for the purchase, agreeing to give for the same $300, and for payment thereof executed two notes in the sum of |150 each, the one payable in one month, the other in six months thereafter. The first note he paid before the discovery of the imposition, and the latter has been since enforced at law. The bill further charges that the greater part of the land shown to him by the defendant as being within said tract, was not included within the line shown in the paper writing, and that defendant well knew of this misrepresentation. It further charges that defendant had no title whatever to 45¿ acres contained within the courses in -the paper writing; and in fact has title only to 66-]- acres on the eastern side of the tract represented by him, which is of little value ; that the western part within the courses, and the places still more to the west pointed out by the defendant, are of considerable value, and formed the inducement for entering into the contract.
The answer states that defendant contracted with complainant to sell him a tract of land as described in a deed from Robert Hays to William Blackmore, for the sum mentioned in the bill; $150 of which has been paid, and judgment for the balance; but denies that he represented said lines as containing 100 acres, * or any particular quantity, the real contract being that the complainant should take the land by the boundaries, be the same more or less; admits he took the plaintiff on the land and showed him the beginning corner, and also went over a part of the land which was included within said boundaries; nor did he represent the situation of said land different from the truth; that being not well acquainted with the land he declined making representations about it. Respondent has no doubt but that the boundaries contain more than 100 acres, as appears by the survey of Samuel Weakley. That the land was granted to Robert Hays by the State of North Carolina, which grant covers the land sold, and believes the title good. Respondent does not know that any part is covered by any other grant; if so, it is by one of a younger *571 date. That said land was sold as the property of said Blackmore, and purchased by this respondent; that it was worth $700, but he agreed to take $800, the complainant taking the title as he had it by the deed of the sheriff. Upon these terms the contract was made ; and he therefore considers, as he was guilty of no fraud or misrepresentation, he is not responsible if the title is not good.
The bill prays the contract may be rescinded, and the money paid refunded.
It was proved by the surveyor that the grant to Robert Hays covered 66i acres of the Cedar Hall tract, leaving 454 acres on the west uncovered by it; which 45i acres were included within the lines of the paper writing, and the deed from Probart to Fisher. It appeared also by the same, 66]- acres was indifferent land, much inferior to the 45|. on the west, and this last still inferior to the land more westerly adjoining it. It appeared by the testimony of Smith, that in the month of February, 1814, the witness, in the company of Probart and Fisher, went to look at the land, that they went from the house north * 130 or 140 poles to the spring, thence west one quarter of a mile to a point 60 or 70 yards from the road, which point was on rising ground; that Pro-bart there said that was his land, and that it was good, and showed the course of his land southerly; and that his line run nearly along the road, and that Walker’s stable was on his land. It appeared from the testimony of Samuel Weakley, that this rising ground, which Probart said was his land, was to the west of the 454 acres above mentioned, and some distance out of the courses in the deed to Fisher. Smith says they were talking about trading, but did not hear any trade made. Major Walker proved that Probart came to his house next Sunday after the purchase, and asked him about his bargain ; he told him the land was in dispute, and went with him to examine it. Walker showed Probart the line of Cedar Hall tract, and told him that Hays’s grant only covered the east part of his claim, about 66 acres; that the west was claimed by himself, by a purchase at sheriff’s sale under the entry of Bradshaw ; that they went over it, and the witness showed it correctly to him ; that the quality of the land is as above stated by the surveyor ; that he knows not whether ever Fisher took possession of 'it or not; that no person has cultivated the land since that time, and the house has generally been unoccupied, except occasionally for a short time by transient persons.
*572 The answer says defendant was not well acquainted with said tract of land, in consequence of which he declined making any representations about it. If by this is meant he did not know the western boundary of Cedar Hall tract, as covered by Hays’s grant under which he claims, it is contradicted by Walker’s testimony, for he showed it to him correctly. If he means he did not know the western boundary as claimed by him according to the courses in the deed to Fisher, or the paper writing, which is the same, it is contradicted by the. same testimony of Walker; for he showed * and particularly informed him of his own claim to the land between these two lines. That he declined making any representations about it is contradicted by the testimony of Smith, who says that he claimed the rising ground 60 or 70 yards from the road, some distance to the west of his boundaries of his land ; that he claimed the land to the south of this rising ground, and his line ran nearly as the road run ; that his land included Walker’s stable; all which, by the testimony, were misrepresentations, and material ones, for they claimed for Cedar Hall tract not only land that did not belong to it, but land of a good quality ; which, taking into view the balance of the land, or eastern part, might veil be considered as the principal inducement to the contract on the part of the complainant. Since the defendant thought proper to'make representations, he was bound to represent the truth as far as he knew it: the testimony shows that this has not been done. The testimony of Walker goes a great way towards showing a willful suppression of the truth in either of these cases. Equity 'says the -contract ought to be rescinded. Decree the contract to be rescinded, the deed to be delivered up to be cancelled, the money paid to be refunded with interest, and referred to the master to report the sum, &c.
See, as to concealment, Walker v. Dunlop, 5 Hay. 271; White v. Cox, 3 Hay. 79, and note sub fin. As to rescission for fraud, Johnson v. Pryor, 5 Hay. 243, and note sub fin. See King’s Digest, 2233, 2242, 2319, 2737.